IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD HINES, #156086, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-1113-TMH |
| | ) | [WO] |
| | ) | |
| LOUIS BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Ronald Hines ["Hines"], a state inmate, alleges the correctional defendants, Louis Boyd and Sherry L. Seals, relied on false information to classify him as a sex offender. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Hines further complains Dr. Darbouze denied him adequate medical treatment for his back pain. *Id.*

The defendants filed special reports, answers and supporting evidentiary materials addressing Hines' claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the reports filed by the defendants as motions for summary judgment. *Order of March 5, 2010 - Court Doc. No. 21.* Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of such motions and the evidentiary materials filed in support thereof, the court concludes that the defendants' motions for summary judgment are due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motions for summary judgment, Hines is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice;

3

there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of

4

fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine

issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Hines fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III. DISCUSSION

### A. False Information

Hines asserts the correctional defendants relied on false information to classify him as a sex offender. *Plaintiff's Complaint - Court Doc. No. 1* at 3. The defendants deny this allegation and contend the information utilized in the classification process is true and correct. Specifically, the defendants maintain they did not place false information in the plaintiff's institutional file and further assert they relied on both Hines' prior admission of a sex offense and court records from the State of Florida establishing Hines' *nolo contendre* pleas to three sex offenses as the basis for assigning the challenged classification

status.  *Correctional Defendants' Exhibit B (Affidavit of Sherry L. Seals) - Court Doc. No. 20-3*; *Correctional Defendants' Exhibit B-3 (Records from The Circuit Court of Manatee County, Florida) - Court Doc. No. 20-6* at 8-11.  Thus, the defendants do not admit that information utilized in the classification decision-making process is false and deny any knowing reliance on false information when making the decision at issue.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.  The appellate court carefully distinguished its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*.  In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole.  *Slocum*, 678 F.2d at 941.  The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors.  Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information.  We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration.  *Id.* at 942.  We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files.  *Id.*  In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and

that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender.  As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case.  The defendants maintain that the information relied on to classify the plaintiff is true and correct.  Moreover, the only evidence before the court demonstrates that classification personnel did not rely on information they knew to be false during any stage of the classification process.  Specifically, there is no admission by the correctional defendants that the information utilized in classifying Hines as a sex offender is false, incorrect or erroneous.  The record in this case is therefore undisputed that classification personnel did not rely on ***admittedly*** false information.  In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of the defendants on the false information claim.

## B.  Medical Treatment

Hines contends medical personnel assigned to the Easterling Correctional Facility provided inadequate treatment to him for his back pain.  Specifically, Hines alleges the medical staff failed to furnish him "proper medication for [such] pain."  *Plaintiff's Complaint - Court Doc. No. 1* at 3.

To prevail on a claim concerning an alleged denial of adequate medical treatment,

an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the

prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference). A facility's medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994).

No extended discussion of the facts is necessary. The medical records filed herein demonstrate that health care personnel at the Easterling Correctional Facility provided Hines treatment for his back pain in accordance with their continuous and extensive assessment of his condition. *Medical Defendant's Exhibit A (Inmate Medical Records of Ronald Hines) - Court Doc. No. 9-2* at 6-104. In relevant detail, the undisputed evidentiary materials before the court show that the prison medical staff routinely examined Hines, thoroughly evaluated his complaints of back pain, provided various medical profiles to alleviate his pain, ordered an x-ray of his spine to facilitate their treatment and rendered copious treatment in accordance with their professional judgment. *Id*.; *Medical Defendant's Exhibit A (Affidavit of Dr. Jean Darbouze) - Court Doc. No. 9-2* at 2-4. The

evidentiary materials likewise establish that medical personnel prescribed various medications to alleviate the back pain about which Hines complained. *Id*.

The affidavit filed by Dr. Darbouze delineates the treatment provided to Hines as follows:

> I have reviewed and I am familiar with Mr. Hines's medical file.
> I am aware that Mr. Hines suffers from severe degenerative joint disease of the lumbar spine.
> Mr. Hines has undergone three back surgeries in 1993, 1995 and 2004.
> I first personally saw Mr. Ronald Hines on August 6, 2009, at the Easterling Correctional Facility.  Mr. Hines was a recent transfer from another Correctional facility.  Therefore, I took a history from Mr. Hines and performed a physical evaluation.  Mr. Hines informed me that he had a long history of suffering from degenerative joint disease and chronic back pain. He informed me that he had previously undergone three surgeries, with the last surgery in 2004.  Mr. Hines further informed me that he had been involved in a motor vehicle accident in 1992.
> An x-ray was ordered of Mr. Hines' lumbar spine.  The x-ray was taken on August 7, 2009.  The results of the x-ray ... read as follows: "Alignment is satisfactory with central laminectomy defect in the mid to lower L-spine noted.  Hardware about sacrum evident."
> Due to Mr. Hines' complaints of chronic pain, he was prescribed Naproxen, Baclofen, and Elavil.  Mr. Hines was also prescribed two different kinds of medication for his blood pressure.
> I next personally saw Mr. Hines on October 8, 2009.  Mr. Hines was continuing to complain of back pain, and requested multiple profiles including boots, [an extra] mattress, and a back brace.  I ordered profiles for a back brace and boots for Mr. Hines.  I also increased the dosage of Elavil due to Mr. Hines' complaints of chronic pain.
> I next saw Mr. Hines on December 2, 2009.  Vital signs were taken of Mr. Hines, and another physical examination was performed.  Mr. Hines continued to complain of back pain radiating into his legs.  Due to Mr. Hines' continued complaints of pain, I added another pain medication, Percogesic, in an attempt to control Mr. Hines' pain.
> Since July 30, 2009, when Mr. Hines was initially incarcerated at the

11

Easterling Correctional Facility, I have seen and fully evaluated him on three separate occasions.   As previously stated, Mr. Hines has in the past undergone three separate surgeries.  It does not appear from his x-rays, or the physical examinations, that Mr. Hines' chronic pain can be resolved by a fourth surgical intervention.

Mr. Hines' chronic back pain has been treated with pain medications.

There is no evidence that Mr. Hines is a candidate to be seen and evaluated by an outside physician.

Neither me, nor any other nurse or Health Care worker at the Easterling Correctional Facility has ever refused to see or treat Mr. Hines for any medical health care problem or concern.

***

*Medical Defendant's Exhibit A (Affidavit of Dr. Jean Darbouze) - Court Doc. No. 9-2* at

2-4.

Under the circumstances of this case, it is clear that the course of treatment undertaken by medical personnel at the Easterling Correctional Facility was neither grossly incompetent nor inadequate.   It is undisputed that Hines received significant medical treatment as dictated by his condition.  His mere desire for a different mode of medical treatment, i.e., a different regimen of pain medications, does not amount to deliberate indifference.  *Harris*, 941 F.2d at 1505.  Hines has failed to present any evidence which indicates medical personnel knew that the manner in which they treated his back pain created a substantial risk to his health and that with this knowledge consciously disregarded such risk.  The record is devoid of evidence, significantly probative or otherwise, showing that anyone associated with the medical defendant acted with deliberate indifference to Hines' medical needs.  Summary judgment is therefore due to be granted in favor of the

defendants on this claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before April 26, 2010, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of April, 2010.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

14